IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KEVIN TORGERSON,**

    **Plaintiff,**

v.                                                                                             1:21-cv-00204-KK-LF

**CHRISTOPHER STARR,**

    **Defendant.**

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Starr respectfully answers the Plaintiff's as follows:

**ANSWER TO JURISDICTION AND VENUE**

1. With respect to the allegations contained in paragraphs 1, 2 and 3 of the Plaintiff's Complaint, the Defendant admits that jurisdiction and venue are proper in this Court. The Defendant further admits that he resides in New Mexico. However, the Defendant denies that the Plaintiff has any meritorious claims against him under any theory of liability.

**ANSWER TO PARTIES**

2. The Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 4 of the Plaintiff's Complaint, and therefore, denies same.

3. With respect to the allegations contained in paragraph 5 of the Plaintiff's Complaint, the Defendant admits that he is a full-time, sworn salaried law enforcement officer employed by the Bernalillo County Sheriff's Office. The Defendant also admits that he is a resident of the State of New Mexico, County of Bernalillo. The Defendant denies the remaining allegations contained in paragraph 5 of the Plaintiff's Complaint.

## ANSWER TO STATEMENT OF FACTS

4. The Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraphs 6, 7, 8, 9, 10, 11, 12, 13 and 14 of the Plaintiff's Complaint, and therefore, denies same.

5. The Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

6. The Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraphs 16, 17, 18 and 19 of the Plaintiff's Complaint, and therefore, denies same.

7. The Defendant denies the allegations contained in paragraphs 20, 21 and 22 of the Plaintiff's Complaint.

8. The Defendant admits the allegations contained in paragraph 23 of the Plaintiff's Complaint.

9. With respect to the allegations contained in paragraph 24 of the Plaintiff's Complaint, Defendant states that any recorded interviews he conducted speak for themselves. To the extent the Plaintiff has misrepresented the contents of these interview, the Defendant denies same. Finally, the Defendant denies that he fired out of concern.

10. The Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

11. The Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraphs 26, 27 and 28 of the Plaintiff's Complaint, and therefore, denies same.

12. The Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

13. The Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraphs 30 and 31 of the Plaintiff's Complaint, and therefore, denies same.

14. The Defendant denies the allegations contained in paragraphs 32 and 33 of the Plaintiff's Complaint.

**ANSWER TO FIRST CLAIM FOR RELIEF**
42 U.S.C. § 1983 – Violation of the Fourth and Fourteenth Amendments
(Unreasonable Seizure and Excessive Force)

15. With respect to the allegations contained in paragraph 34 of the Plaintiff's Complaint, the Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 33 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

16. The allegations contained in paragraphs 35, 36, 37 and 38 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

17. The Defendant denies the allegations contained in paragraphs 39, 40. 41, 42, 43, 44, 45, 46, 47 and 48 of the Plaintiff's Complaint.

18. With respect to the allegations contained in paragraph 49 of the Plaintiff's Complaint, Defendant admits that he was acting within the scope of his duties. The remaining allegations call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant denies same.

**ANSWER TO SECOND CLAIM FOR RELIEF**
42 U.S.C. § 1983 – Violation of the Fourth and Fourteenth Amendments
(Failure to Warn Before Using Deadly Weapon)

19. With respect to the allegations contained in paragraph 50 of the Plaintiff's Complaint, the Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 49 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

20. The allegations contained in paragraph 51 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

21. The Defendant denies the allegations contained in paragraph 52 of the Plaintiff's Complaint.

22. With respect to the allegations contained in paragraph 53 of the Plaintiff's Complaint, Defendant Starr states that the contents of his interviews speak for themselves. The Defendant denies that the circumstances reasonably would have allowed him to give warning to Plaintiff.

23. The Defendant denies the allegations contained in paragraph 54 of the Plaintiff's Complaint.

24. The allegations contained in paragraph 55 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

25. The Defendant denies the allegations contained in paragraphs 56, 57, 58, 59, 60, 61 and 62 of the Plaintiff's Complaint.

26. With respect to the allegations contained in paragraph 63 of the Plaintiff's Complaint, Defendant admits that he was acting within the scope of his duties. The remaining allegations

call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant denies same.

## ANSWER TO THIRD CLAIM FOR RELIEF
42 U.S.C. § 1983 – Violation of the Fourth and Fourteenth Amendments
(Use of Force on Subdued Person)

27. With respect to the allegations contained in paragraph 64 of the Plaintiff's Complaint, the Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 63 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

28. The allegations contained in paragraph 65 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

29. The Defendant denies the allegations contained in paragraphs 66 and 67 of the Plaintiff's Complaint.

30. The Defendant denies the allegations contained in paragraphs 68, 69, 70, 71, 72, 73, 74 and 75 of the Plaintiff's Complaint.

31. With respect to the allegations contained in paragraph 76 of the Plaintiff's Complaint, Defendant admits that he was acting within the scope of his duties. The remaining allegations call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant denies same.

## ANSWER TO FOURTH CLAIM FOR RELIEF
Claims under the New Mexico Tort Claims Act NMSA 1978 § 41-4-12

32. With respect to the allegations contained in paragraph 77 of the Plaintiff's Complaint, the Defendant incorporates and adopts by reference all of his admissions and denials to

paragraphs 1 through 76 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

33. The allegations contained in paragraph 78 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

34. The Defendant denies the allegations contained in paragraphs 79, 80, 81 and 82 of the Plaintiff's Complaint.

35. With respect to the allegations contained in paragraph 83 of the Plaintiff's Complaint, Defendant admits that he was acting within the scope of his duties. The remaining allegations call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant denies same.

36. The allegations contained in paragraph 84 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

37. With respect to the allegations contained in paragraph 85 of the Plaintiff's Complaint, Defendant admits that he was acting within the scope of his duties. The remaining allegations call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendant denies same.

38. The Defendant acknowledges that the Plaintiff has demanded a jury trial.

39. The Defendant denies that the Plaintiff is entitled to the relief requested in his Request for Relief.

**JURY DEMAND**

40. The Defendant demands a trial by jury of all claims so triable.

## GENERAL DENIAL

The Defendant denies each and every allegation of the Plaintiff's Complaint not specifically admitted above, including but not limited to any substantive allegations or requests for relief in Plaintiff's introductory language and request for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole, or in part, by the doctrine of qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

At all times, the Defendants actions were justified, reasonable, were undertaken in good faith and without malice.

### FOURTH AFFIRMATIVE DEFENSE

The acts or omissions of persons other than the Defendant constitute the sole proximate cause of the injuries and damages, if any, alleged by the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred due to his own conduct.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges that the Defendant was negligent or otherwise at fault under any theory, which is denied, Plaintiff and/or other third persons were negligent or otherwise at fault, thereby barring or reducing Plaintiff's recovery from the Defendant under the principles of comparative fault.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and damages are barred, in whole or in part by the New Mexico Tort Claims Act.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times, the Defendant's actions were legal and appropriate under the circumstances.

**NINTH AFFIRMATIVE DEFENSE**

The Defendant reserves the right to rely upon such other defenses as may become known or available during discovery proceedings in this case and hereby reserves the right to amend its answer to include such defenses.

Wherefore, having fully answered the Plaintiff's Complaint, the Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice, award the Defendant his costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By: */s/ Jonlyn M. Martinez*
    JONLYN M. MARTINEZ
    Attorneys for Defendant
    P.O. Box 1805
    Albuquerque, NM  87103-1805
    (505) 247-9488

I hereby certify that a copy of the foregoing
was sent via CM/ECF to all counsel
of record on March 26, 2021:

    /s/