IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEVIN TORGERSON,

    Plaintiff,

vs.                                                                    21-CV-00204-DHU-LF

CHRISTOPHER STARR,

    Defendant.

## MOTION TO STRIKE NOTICE AND CLAIM OF ATTORNEY'S CHARGING LIEN (DOC. 58)

Plaintiff, by and through his counsel of record, Jason Bowles of Bowles Law Firm and Robert Gorence of Gorence Law Firm, hereby moves this motion to strike the Notice and Claim of Attorney's Charging Lien (Doc. 58), and in support of his motion states as follows:

1. Plaintiff filed his Complaint on February 2, 2021 in the Second Judicial District Court and the Defendant filed a Notice of Removal to the United States District Court for the District of New Mexico on March 9, 2021.

2. On April 5, 2024, Plaintiff filed Plaintiff's Unopposed Motion to Withdraw as Counsel (Doc. 53), withdrawing Todd J. Bullion as representing Plaintiff.

3. On April 24, 2024, Todd J. Bullion filed a Notice and Claim of Attorney's Charging Lien (Doc. 58).

4. The parties came to a resolution and on May 28, 2024, a Notice of Resolution of Lawsuit (Doc. 65) was filed.

5.     Todd Bullion has no contract with Mr. Torgerson and no statutory basis to have filed a notice of lien.

6.     Undersigned will address his agreement with counsel separately but there is no basis for Todd Bullion to have filed a lien in this matter.

7.     *Rangel v. Save Mart*, 140 N.M. 395 (N.M. Ct. App. 2006), sets forth the requirements for a lien in New Mexico and states in pertinent part as follows:

> There are four elements to an attorney charging lien in New Mexico: (1) there must be a valid express or implied contract between the attorney and the client, (2) there must be 'a fund recovered by the attorney,' (3) notice of intent to assert a lien must be given, and (4) there must be a timely assertion of the lien. *Sowder v. Sowder*, 1999-NMCA-058, ¶¶ 10-14, 127 N.M. 114, 977 P.2d 1034 (internal quotation marks and citations omitted). The charging lien is a common-law right that is equitable in nature. *N. Pueblos Enters, v. Montgomery*, 98 N.M. 47, 49, 644 P.2d 1036, 1038 (1982). We have defined a charging lien as the right of an attorney or solicitor to recover his fees and money expended on behalf of his client from a fund recovered by his efforts, and also the right to have the court interfere to prevent payment by the judgment debtor to the creditor in fraud of his right to the same. *Sowder*, 1999-NMCA-058, ¶ 9, 127 N.M. 114, 977 P.2d 1034 (internal quotation marks and citation omitted).
>
> …
>
> We do note that it appears to be the general rule in other jurisdictions that discharged attorneys are reimbursed on a quantum meruit basis, even when there is a contingency fee contract. *See, e.g., Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148 (2d Cir.1998) (noting that under New York law, the amount recoverable by a discharged attorney under the charging lien statute is based on quantum meruit); *Searcy, Denney, Scarola, Barnhart Shipley, P.A. v. Poletz*, 652 So.2d 366, 368 (Fla. 1995) (noting that under Florida law, an attorney under a valid contract who is discharged without cause after performing substantial services "is entitled to the reasonable value of the services rendered on the basis of quantum meruit, but recovery is limited to the maximum fee set in the employment contract"); *see also N. Pueblos Enters.*, 98 N.M. at 48-49, 644 P.2d at 1037-38(holding that because a charging lien is an equitable remedy, the trial court is free to award an amount smaller than that provided for in the fee contract).

Applying these principles, it is undisputed that Mr. Bullion did not have a contract with Mr. Torgerson, the client. The contract with Mr. Torgerson is with Gorence Law Firm and

Bowles Law Firm. Mr. Bullion had an oral agreement with Mr. Gorence and Mr. Bowles to aid on the case, but failed to perform his agreement fully and was terminated for cause for reasons to be outlined in a separate filing, if necessary. His termination occurred before any fund was recovered for the client.

The fact that Mr. Bullion did not have a contract with Mr. Torgerson is fatal to his assertion of a notice of lien, as against Mr. Torgerson. As noted in the *Sowder* case, the first element required for assertion of a common law attorney charging lien is the existence of a contract with the client. In fact, all the cases cited in Mr. Bullion's notice of lien involve instances where the discharged attorney or law firm, *at one time had a valid contract with the client*. Mr. Bullion has never had a contract with Mr. Torgerson and his oral agreement with Mr. Gorence and Mr. Bowles was terminated for good cause.

Nonetheless, counsel have made an offer to Mr. Bullion under a quantum meruit arrangement for payment of his time in the case and will continue to try and resolve that payment. If Mr. Bullion persists in his unreasonable and frivolous demands, his potential remedy, if any, would be to sue Mr. Gorence and Mr. Bowles on an oral agreement, rather than asserting a frivolous and unsupported lien against Mr. Torgerson. Within that action, which would have to be filed in state court, the parties would have to litigate the merits of Mr. Bullion's termination for good cause, which would be outlined in a separate pleading.

8.    Undersigned counsel did not contact estranged counsel, Mr. Bullion, for his position as it is presumed that he opposes this Motion.

WHEREFORE, FOR THE FOREGOING REASONS, counsel request that this Court strike Mr. Bullion's frivolous notice of lien, and that the Court award attorney's fees for counsel having to litigate this issue on behalf of Mr. Torgerson. Mr. Bullion is aware that he has no

contract with Mr. Torgerson and no basis to assert a notice of attorney charging lien under New Mexico case law.

             Respectfully submitted,

             */s/ Jason Bowles*
             Jason Bowles
             Bowles Law Firm
             4811 Hardware Drive, N.E., Suite D-5
             Albuquerque, NM 87109
             Telephone: (505) 217-2680
             Email: jason@bowles-lawfirm.com

             Robert J. Gorence
             Gorence Law Firm, P.C.
             300 Central Avenue SW, Suite 1000E
             Albuquerque, New Mexico 87102
             Phone: (505) 244-0214
             Email: gorence@golaw.us

             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 31st day of May, 2024, I sent a copy of the foregoing through electronic mail and caused the following counsel of record to be served by electronic means.

    JONLYN M. MARTINEZ
    jonlyn@jmartinezlaw.net


*/s/ Robert J. Gorence*
Robert J. Gorence
Gorence Law Firm